UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE PELLING, | No. 2:15-cv-01378-MCE-KJN |
| Plaintiff, | |
| v. | |
| AMTRAK, et al., | ORDER |
| Defendants. | |

Presently before the court are two largely identical requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 filed by plaintiff Leslie Pelling, who is represented by counsel in this matter. (ECF Nos. 2, 5.)[1] On January 15, 2015, the presiding district court judge referred this matter to the undersigned for the express purpose of addressing these applications only. (ECF No. 7.)

////

---

[1] Plaintiff's two filings appear to be different copies of the same application. (ECF No. 2, 5.) On October 23, 2015, the presiding district judge issued a minute order explaining that the court could not consider plaintiff's application as originally filed because several sections of the application were clearly cut off from view. (ECF Nos. 2, 4.) Accordingly, plaintiff subsequently submitted a second copy of her application that contains the previously missing sections. (ECF No. 5.)

1

      Plaintiff's declaration in support of her application to proceed in forma pauperis states that she is employed by Greg Padilla Bail Bonds and earns wages of $2,200.00 per month. (ECF No. 5.) She also states that she has received one disability payment of $533.00. (Id.) Even assuming that the single disability payments referenced in her application is the total amount of disability plaintiff will receive, i.e., it will not recur on a monthly or some other periodic basis, plaintiff's gross income was approximately $26,933.00 over the course of a single year. (Id.) Plaintiff states that she has no dependents. (Id.) According to the United States Department of Health and Human Services, the poverty guideline for a household of 1 person not residing in Alaska or Hawaii is $11,770 for 2015.[2] See http://aspe.hhs.gov/poverty/15poverty.cfm. Thus, with an annual gross income of approximately $26,933.00, plaintiff's income is more than 225% of the 2015 poverty guideline. Plaintiff also states that she has a house with a value of approximately $325,000, and on which she owes $270,000, thus giving her $55,000 worth of equity in that asset. (ECF Nos. 2, 5.) In addition, she states that she has a bank account with $75.00 in it. (Id.) Finally, plaintiff states no monthly or other recurring expenses for which she is responsible. (See id.)

      Presently, a filing fee of $400 is required to commence a civil action in this court. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Here, plaintiff's declaration shows that she earns $26,933.00 per year—over 225% of the 2015 poverty guideline—and has roughly $55,075 of total asets. Thus, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

      For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis (ECF Nos. 2, 5) are denied without prejudice.

---

[2] The court uses the federal poverty guidelines for 2015 as the U.S. Department of Health & Human Services has not yet updated them for 2016. Given the likely similarities between last year's guidelines and the forthcoming guidelines for this year, the court finds use of the 2015 guidelines appropriate to aid in its determination of this matter.

2. Within 28 days of this order, plaintiff shall pay the applicable filing fee or file an amended application demonstrating her entitlement to proceed *in forma pauperis* if she can do so in good faith in light of the court's above observations.

3. Plaintiff's failure to pay the filing fee or file an amended application by the above deadline will result in a recommendation that plaintiff's complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. This matter is referred back to the presiding district judge for further proceedings consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

IT IS SO ORDERED.

Dated: January 19, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE